■ In the Matter of the Accounting of FIRST NATIONAL CITY BANK, as Trustee of the Trust Created under the Will of JOHN DORNING, Deceased, Respondent. ELLA D. ROMIG, as Executrix of EDGAR F. ROMIG, Deceased, et al., Respondents; FRANCISCAN SISTERS OF THE POOR, Appellant.— Decree, Surrogate's Court, New York County, entered on March 9, 1971, holding that the doctrine of cy pres does not apply, unanimously reversed, on the law and the facts, and vacated, and the proceeding remanded for a hearing, without costs and without disbursements. Involved is the construction of paragraphs Fourth and Sixth (G) of decedent's will dated February 25, 1952. Paragraph Fourth provides for a trust, income of which is payable to one Crouze during his life, and upon his death, principal is payable to the Sisters of the Poor of St. Francis " for the exclusive use and benefit of St. Francis Hospital ". Sixth (G) similarly devises one twentieth of the residuary to the Sisters for the same purpose. Franciscan Sisters of the Poor is a New York corporation organized under chapter 201 of the laws of 1866. Its objects are the gratuitous care of the sick, aged, infirm and poor. It operates various hospitals, including Frances Schervier Home and Hospital in The Bronx, New York. The decedent, a physician, was on the medical staff of St. Francis Hospital for over half a century. The hospital was incorporated during the lifetime of the decedent and was maintained by the Sisters. On July 25, 1962, St. Francis Hospital was incorporated, and in 1964 it was consolidated with St. Joseph's Hospital for Chest Diseases under the name of St. Francis Hospital of Bronx, New York, which was operated until the end of 1966, when it was discontinued. Since then, St. Peter's Hospital of Brooklyn, St. Francis Hospital of The Bronx and Frances Schervier Home and Hospital of The Bronx have consolidated under the name of Frances Schervier Home and Hospital under the auspices of the Franciscan Sisters of the Poor denominated in the will as Sisters of the Poor of St. Francis, who seek a decree directing payment of said bequests to them for the use of Frances Schervier Home and Hospital. No condition attached to the devices herein as was the case in *Matter of Syracuse Univ. (Heffron)* (3 N Y 2d 665). Whether St. Francis Hospital remains alive within Frances Schervier Home and Hospital and its purposes and functions are identifiable within the consolidated entity are issues of fact to be determined after a hearing. (*Matter of Ablett,* 3 N Y 2d 261; *Matter of Potter,* 307

N. Y. 504; *Matter of Martin,* 32 A D 2d 849.)    Concur — Stevens, P. J., Capozzoli, McGivern, McNally and Steuer, JJ.